[No. 20625. Department Two. November 28, 1927.]

GEORGE RAPE, *Respondent,* v. ROBERT F. LENZ, *Appellant.*[2]

Appeal from a judgment of the superior court for Spokane
county, Lindsley, J., entered January 5, 1927, upon findings in favor
of the plaintiff, in an action on contract, tried to the court. Af-
firmed.

*John F. Aiken,* for appellant.
*James P. Dillard* and *Fred B. Morrill,* of counsel, for respondent.

ASKREN, J.—The plaintiff brought this action to recover money
alleged to be due from defendant. After trial before the court with-
out a jury, judgment was entered in plaintiff's favor, and this ap-
peal resulted.

The appellant was divorced from his wife under a decree which
gave her the custody of their two minor children and required him
to pay her fifty dollars per month for her support. Thereafter, by
agreement between the parties, the wife's parents adopted the chil-
dren and appellant signed an agreement to pay the fifty dollars per

[1]Reported in 260 Pac. 1073.
[2]Reported in 261 Pac. 396.

month to them. Thereafter he made payments under his contract and also purchased numberless things for the children, and performed certain labor for the benefit of the respondents. The appellant admitted that he had not paid all the money due in cash, but claimed that he purchased articles for the children and performed labor at the request of respondents, and asked for a judgment in his favor in a substantial amount.

The issue in the case revolved around the question of whether the appellant had purchased the articles for the minor children and performed the labor at the request of respondents, or as his own voluntary act. The court concluded that they were made voluntarily and that appellant was not entitled to credit on his contract. The evidence overwhelmingly supports this view of the trial court.

Other questions raised by appellant as to whether respondents sought to show a contemporaneous oral agreement, made at the same time as the contract, became immaterial, in the light of the other evidence in the case.

The judgment is affirmed.

MACKINTOSH, C. J., FULLERTON, MAIN, and HOLCOMB, JJ., concur.